The opinion of the Court was delivered by
O’Neall, ,J.
The Act of 1838, (8 Stat. 463,) the Charter of the Bivingsville Manufacturing Company, made the corpo-rators, partners, with the privilege of using á corporatemame. Planters’ Bank of Fairfield vs. The Bivingsville Cotton Manufacturing Company, 10 Rich. 95. The finding of the jury, “that the Bivingsville Cotton Manufacturing Company did not confess the judgment in question, but that the same was confessed by E. C. Leitner, duly authorized by his partner, George Leitner,” was therefore right enough: and it may be at once conceded, that the confession under the authority of Mills & Co. vs. Dickson & Mills, 6 Bich. 487, would not, standing by itself, bind the firm. But the jury further found, that “ the company (that is the partner, George Leitner,) did, by subsequent ratification, confirm the said judgment confessed by one of the corporators;” and the questions are, could such judgment be ratified? and if so, then are the 'facts sufficient to establish that conclusion ?
1. It must be kept constantly in mind, that this is really nothing more than a question between co-partners using a *397 corporate name. George Leitner and E. C. Leitner were the sole members. E. 0. Leitner made the confession, and it, as his act, was sufficient to bind him. Can George Leitner, the other partner, and thus the company, be bound by ratification ? The whole difficulty about the corporation being bound is, that the confession was not under the seal of the corporation. In the case of partners, the general rule very clearly is, that the firm cannot be bound by any instrument under seal, executed by one in the name of the firm; but to that rule are the exceptions, that if made in the presence and by the assent of the partners; or if after execution, it be ratified by the absent partner or partners, it will bind the firm. Fleming vs. Dunbar, 2 Hill, 532; Fant vs. West, 10 Rich. 149. These cases fully show, that the ratification may be established by admissions or circumstances, which create a belief, that the absent partner or partners knew of the deed, and intended to be bound by it. Taking this to be law, I think that a judgment confessed by one partner or corporator, may bind the other, if the circumstances create a belief, that he knew and intended to be bound by the confession.
2. The jury have found the ratification, and I think very properly. In the first place, the debt was the debt of the company, money borrowed for the corporation from Miss Poole, and the purchase of the shares of Dantzler and Bobo, in the company. E. 0. Leitner, by the express authority of his brother George, was the entire manager of the company, buying and selling as he pleased. The judgment was confessed November, 1853 — and the motion submitted to set it aside was Pali Term, (November). 1856. Three full years passed, and the defendant, George, made no question. The shares of Dantzler and Bobo, to the amount of four thousand dollars, in the Bivingsville Cotton Manufacturing Company, were acquired by the credit secured in this confession. The whole property, real and personal, of the Bivingsville *398 Manufacturing Company was sold by tbe sheriff, and the money in bis bands arises from that source. This fact would, against an infant, constitute an implied ratification; and certainly against George Leitner, who is of full age, and very cognizant of bis rights, it ought to have as muclPeffect. Looking to all the facts which I have set out, I think the verdict was well warranted. The motion for a new trial and to set aside the judgment is dismissed.
Wardlaw, WhitNer, Gloyer and MüNro, JJ., concurred.

Motion dismissed.